KLEES, Judge.
Defendant Joseph L. Greco, Jr. was indicted by grand jury of first degree murder, a violation of R.S. 14:30. He pled not guilty and was tried by jury on January 16-24, 1989. He was found guilty as charged and sentenced to life imprisonment at hard labor without benefit of probation, parole or suspension of sentence. From this conviction he appeals. We affirm.
The defendant makes four assignments of error. Specifically, he alleges that the trial court erred in: 1) denying defendants motion for continuance; 2) denying defendant’s motion to discover the taped and written statements of a co-arrestee; 3) denying defendants motion to allow the jury to view a scene allegedly connected to the crime; and 4) denying defendant’s requested jury charge.
The defense first contends that the trial court erred in denying its motion to continue the trial. Prior to trial, the defense sought to discover the initial police report concerning the crime and “all supplemental reports.” The State produced the “Report of Arrest”, but refused to produce 1) an incident report dated June 21, 1988; 2) a supplemental report dated July 1, 1988; and 3) the transcript of an interview with a state witness, Breck Falcon, conducted on June 20, 1988. The trial court ordered the State to produce these three documents. The State took writs to this Court regarding their production.
On January 13, 1989, this Court, in Writ No. 88-K-2507, granted the writ in part and denied it in part. It found that the State was not required to produce the June 21,1988 incident report or the statement by Breck Falcon. However, it ordered the State to produce the July 1, 1988 supplemental report, and the report of arrest dated June 21, 1988.
As a result of this action the State gave the defense the July 1, 1988 supplemental report. The supplemental report contained a statement made by Falcon to an officer that “Joe (the defendant) and another guy got into an argument and Joe shot the guy.”
Trial was scheduled to begin three days after the defense received the supplemental report on January 16, 1989. The defendant filed a motion to continue trial which the trial court denied. The defense contends that it was prejudiced by the denial of the continuance because it needed time to investigate and “develop a strategy” to address Falcon’s statement contained in the report. At trial, Falcon testified that the defendant shot the victim in the course of robbing him. Falcon’s trial testimony thus conflicted with his prior statement.
C.Cr.P. art. 712 provides:
A motion for continuance, if timely filed, may be granted, in the discretion of *409 the court, in any case if there is good ground therefor.
Whether a motion to continue should be granted depends upon the circumstances of each particular case. A showing of specific prejudice is generally required to demonstrate that the trial court erred in denying the continuance. State v. Simpson, 403 So.2d 1214 (La.1981). A trial court’s ruling on a motion to continue will not be disturbed on review absent a clear showing of abuse of discretion. State v. Long, 408 So.2d 1221 (La.1982).
In this case, the defense obtained the supplemental report containing Falcon’s statement three days before trial. Thus the statement was available for the defense to use at trial during its cross-examination of Falcon to show that the statement was inconsistent with Falcon’s trial testimony. The defense does not suggest how the defendant was specifically prejudiced by the trial court’s denial of its motion to continue or why three days was not enough time to adequately “develop a strategy” to address Falcon’s statement contained in the report.
Moreover, this Court has already addressed the trial court’s alleged error in denying the motion to continue in Writ No. 89-K-0084 filed by the defense. This Court denied the writ finding that the trial court did not err in denying the continuance.
Based on the foregoing reasons, the trial court did not err in denying the motion to continue. Thus, this assignment of error is without merit.
The defendant next contends that the trial court erred in denying its motion to produce the transcript of the June 20, 1988 statement by Breck Falcon. This motion was made while Breck Falcon was on Direct Examination.
The defendant had already sought production of this statement prior to trial. This Court on writs held that the statement was not discoverable because it was not a part of the police report, the discovery of which is allowed under R.S. 44:3(A)(4)(b). Nonetheless, the trial judge treated the defendant’s motions as a Motion for Brady material, read the report in camera. and found no material discrepancy between the testimony at trial and the statement. We have obtained a copy of this statement from the trial court, and from our independent reading of it we find no error in the trial court’s ruling.
This assignment is without merit.
The defense further contends that the trial court erred in denying its motion for the jury to view a car wash where the defendant, Falcon and the victim had allegedly gone to wash mud off themselves.
The granting or refusal of a motion to have the jury view the scene of a crime is within the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of that discretion. State v. Sweeney, 443 So.2d 522 (La.1983).
The defense in this case does not demonstrate how the defendant was prejudiced by the jury’s failure to view the scene or indicate why the jury should see the car wash, other than to buttress the defendant’s statement that he, Falcon, and the victim went there. Falcon denied that they went to the car wash. The defense merely suggests that defendant was prejudiced because the jury was allowed to view three other scenes, but not the one the defense requested that they view. A review of the excerpted portion of the transcript on this issue indicates that the jury had requested to see the other scenes because they had had difficulty in picturing the crime scene. Given these facts, the defense has not shown that the trial court abused its discretion in denying its motion. This assignment of error is without merit.
The defense finally contends that the trial court erred in refusing to give the jury the following requested jury charge:
“You may find the defendant guilty of a lesser included offense even though the State may have proved beyond a reasonable doubt the greater offense charged.”
The judge acknowledged that he thought that the charge was legally correct. However, he refused to give it because he be *410 lieved that it would encourage the jurors to violate their “oath”.
C.Cr.P. art. 807 provides:
Art. 807. Special written charges
The state and the defendant shall have the right before argument to submit to the court special written charges for the jury. Such charges may be received by the court in its discretion after argument has begun. The party submitting the charges shall furnish a copy of the charges to the other party when the charges are submitted to the court.
A requested special charge shall be given by the court if it does not require qualification, limitation, or explanation, and if it is wholly correct and pertinent. It need not be given if it is included in the general charge or in another special charge to be given.
Under C.Cr.P. art. 807, it is the duty of the trial judge to give the requested charge if it is wholly correct and does not require qualification, limitation, or explanation and has not been included in the general charge or in another special charge. State v. Shilling, 440 So.2d 110 (La.1983).
In this case, the requested charge is a correct statement of the law. State ex rel. Elaire v. Blackburn, 424 So.2d 246 (La.1982), cert. den. 461 U.S. 959, 103 S.Ct. 2432, 77 L.Ed.2d 1318 (1983). It is likely, however, that it may need to be clarified as it conflicts with another portion of the jury charge regarding the jury’s duty to convict the defendant of first degree murder if the State proves each element of the charged offense beyond a reasonable doubt. In addition, the charge seems to encourage jurors to disregard the law by convicting defendant of a lesser included offense even though the state has proven defendant guilty of the offense charged. As the requested charge is potentially confusing, the trial court did not err in refusing to give the requested charge.
Accordingly, for the reasons stated, the judgment of the trial court is affirmed.
AFFIRMED.
PLOTKIN, J., dissents with written reasons.