590 So.2d 834 (1991)
STATE of Louisiana
v.
David HOLMES, a/k/a Danny Holmes.
No. 90-KA-1594.
Court of Appeal of Louisiana, Fourth Circuit.
November 26, 1991.
Harry F. Connick, Dist. Atty., Lisa A. McLachlan, Asst. Dist. Atty., New Orleans, for State.
Sherry Watters, Orleans Indigent Defender Program, New Orleans, for defendant.
Before LOBRANO, PLOTKIN, and BRYAN, JJ.
PLOTKIN, Judge.
Defendant David Holmes appeals his conviction for violating LSA-R.S. 14:64, relative to armed robbery. After reviewing the record and considering his claims, we affirm.

FACTS:
A bill of information was filed on November 14, 1989, charging the defendant, David Holmes, with armed robbery, a violation of LSA-R.S. 14:64. Holmes entered a plea of not guilty on November 22, 1989. The defendant filed numerous motions including a motion for a preliminary hearing. All of the defendant's motions were answered by the State on December 18, 1989. On December 19, 1989, the court began the preliminary hearing requested by the defense. After having one witness testify at the preliminary hearing, the State asked the trial court to continue the remainder of the hearing. The preliminary hearing was concluded on January 30, 1990.
Trial was held later on January 30th, over the objection of the defendant. The jury found the defendant guilty as charged. The defendant filed a motion for a new trial, raising the same two grounds as are raised on appeal. The trial court denied this motion on February 14, 1990. On May 7, 1990, the defendant was sentenced to serve ten years at hard labor without benefit of parole, probation or suspension of sentence.
*835 On August 28, 1989, at approximately 9:55 p.m., Ms. Bobby Smith was the associate manager of Majik Market, the convenience store associated with a Tenneco Service Station. The defendant entered the store and asked Ms. Smith for change. When Ms. Smith would not allow the defendant to go behind the cash register, the defendant pulled out a gun, took the money from the register, and emptied it into a bag. Mr. Andrew Price, a customer at the store, witnessed these events.
Ms. Smith phoned the police, describing the perpetrator in detail. At trial, both Ms. Smith and Mr. Price positively identified the defendant as the perpetrator of this armed robbery.
The defendant produced two witnesses who testified in his behalf. The defendant's sister, Ms. Anithia Holmes, as well as her next door neighbor, Ms. Cathy Portor. Ms. Holmes testified that the defendant did not leave her house on August 28 because he was in pain from injuries he received several days earlier from a fall on her porch when he was drunk. Ms. Cathy Portor testified that she saw the defendant lying on the porch at approximately 4 a.m. on August 26th with a wound to his head.

ERRORS PATENT:
A review of the record for errors patent reveals none.

DENIAL OF CONTINUANCE
Defendant contends that the trial court erred in denying his request for a continuance of trial. Trial was held in this matter on January 30, 1990, only minutes after the preliminary hearing was concluded. Defense counsel protested the trial judge's decision to conduct the trial without allowing defense more time to prepare. The trial court then denied what it considered as a defense counsel's motion for continuance. Trial then began. After the victim, an eyewitness and an arresting officer testified, two alibi witnesses testified for the defense.
La.C.Cr.P. article 707 provides, in pertinent part, as follows:
A motion for a continuance shall be in writing and shall allege specifically the grounds upon which it is based and, when made by a defendant, must be verified by his affidavit or that of his counsel. It shall be filed at least seven days prior to the commencement of trial.
In the present case, defense counsel did not file a written motion for a continuance. However, the requirement that the motion be in writing has been waived when the reasons for the continuance arise unexpectedly and defense counsel does not have an opportunity to prepare a written motion. State v. Murphy, 515 So.2d 558 (La.App. 1st Cir.1987), reversed on other grounds 542 So.2d 1373 (La.1989); State v. Johnson, 440 So.2d 197 (La.App. 3d Cir.1983).
A trial court's decision to deny or grant a continuance is within its broad discretion and will not be disturbed absent a clear showing of abuse of that discretion. State v. Greco, 575 So.2d 407 (La.App. 4th Cir.1991). The decision whether to grant or deny a motion to continue depends on the circumstances of each particular case. A showing of specific prejudice is generally required to demonstrate that the trial court erred in denying the continuance. Id.
The appellant relies on State v. Simpson, 403 So.2d 1214 (La.1981). There, the Louisiana Supreme Court found that the trial court abused its discretion in denying the defendant's motion for continuance. Defendant's counsel in that case was unaware that he was representing the defendant until the morning of trial. Defense counsel had no time to prepare for trial and the public defender's office was unaware that the trial date had been set.
In the present case, despite appellant's argument to the contrary, the record indicates that on November 22, 1989, the trial was set for January 30, 1990. On November 30, 1989, the trial court issued an order setting deadlines for pleadings, answers, and hearings, and setting a trial date for January 30, 1990. Although the preliminary hearing was continued until January 30, 1990, trial counsel was aware for more than sixty days that trial would be held that day.
*836 Although at trial two witnesses were called on behalf of the defendant, defense counsel argues that the defendant's case was prejudiced because he did not have an opportunity to file a motion to suppress suggestive in-court identification procedures. Defense counsel further argues that he did not have a calendar to "prove the day of the week of the alleged crime and how it fell in relation to the defendant's birthday, an essential part of its alibi/defense." However, as stated above, defense counsel was aware more than sixty days before trial that trial was set for January 30, 1990. If counsel was unprepared for trial it was because of his own neglect, not because the trial court denied his request for continuance. State v. Eishtadt, 531 So.2d 1133 (La.App. 4th Cir.1988). This assignment is without merit.

IMPROPER IDENTIFICATION:
Defendant contends that the evidence introduced at trial is insufficient under Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), because the State failed to prove beyond a reasonable doubt the defendant's identity as a perpetrator of this offense. The appellant contends that the in-court identification of the defendant was unduly suggestive, rendering the testimony of the victim and eyewitness regarding the identification unreliable.
It should be noted that defense counsel failed to object to the in-court identifications during trial. Having failed to contemporaneously object to the suggestiveness of these identifications at trial, the defendant is precluded from doing so on appeal. La.C.Cr.P. art. 841; State v. Wright, 410 So.2d 1092 (La.1982). Thus, the issue is narrowed to whether the State presented sufficient evidence to show beyond a reasonable doubt that the defendant was the perpetrator of the armed robbery.
At trial, both Andrew Price and Ms. Bobby Smith positively identified the defendant as the perpetrator of the armed robbery. Mr. Price testified that he had a "good look" at the defendant and when questioned why he remembered the defendant's face, he testified, "Because I looked him dead in the eye and there is no way in the world I could ever forget him." Both witnesses were present at the Majik Market when the robbery occurred, and both were cross-examined in great detail regarding the reliability of their identifications of the defendant. Defense counsel attempted to show that both witnesses' identifications were based on a quick glance at the defendant which occurred six months before trial. The jury heard this evidence and evaluated the weight to be given that testimony. This testimony is sufficient to show beyond a reasonable doubt that this defendant committed the armed robbery. This assignment is without merit.

CONCLUSION:
For the above and foregoing reasons, the defendant's conviction is affirmed.
AFFIRMED.