ARMSTRONG, Judge.
The defendant, Randall Voiselle, was charged by bill of information with forcible rape, a violation of R.S. 14:42.1, and with aggravated crime against nature, a violation of R.S. 14:89.1. Following a trial by jury he was found guilty of attempted forcible rape and of crime against nature. He was originally sentenced to twenty years at hard labor, without benefit of probation, parole or suspension of sentence, with credit for time served and court costs waived on the attempted forcible rape conviction and to five years at hard labor, with credit for time served and court costs waived on the crime against nature conviction. The sentences were to be served concurrently. The defendant was subsequently multiple billed on the attempted forcible rape conviction. He was then adjudged a second felony offender and re-sentenced to forty years at hard labor on the attempted forcible rape conviction. Defendant now appeals raising three assignments of error.
The record reflects that on September 30, 1990, the victim, a twenty-eight year old female, went to Sandra’s Bar in Kenner to meet some friends. They introduced her to the defendant. The victim and the defendant had several drinks together. Then the defendant asked her to leave the bar with him and smoke some marijuana. She agreed. The defendant drove her to his apartment at 1319V2 Coliseum Street. They went inside and sat on the couch. The defendant undressed and began undressing her. She resisted. He pulled her down by her neck and made her perform oral sex on him. He then took her to the bedroom, pinned her down and had sexual intercourse with her. He made her perform oral sex on him again.
He was unable to ejaculate so she suggested that they go into the living room and smoke a cigarette. When they did, she tried to put her clothes back on. He instructed her not to. He went to the bathroom. She ran downstairs. He ran after her and drug her back upstairs. She was crying hysterically. The defendant hit her, bit her and made her perform oral sex on him again. She broke away and ran out onto the balcony screaming. Neighbors came out. She ran downstairs. One of the defendant’s neighbors, Seth Morgan and his son, took her to their house nearby and called the police.
Officer Williams responded to their call. He interviewed the victim, who he said was hysterical, and then sent two other officers to the defendant’s apartment to arrest him. The victim identified the defendant as the perpetrator. She was then taken to the hospital where a rape examination was conducted.
Jeff Winslow, the resident at Charity who performed this examination, found a variety of bruises on the victim’s upper arms, tenderness on the back of her neck and in her abdomen. Her foot was fractured. He found no sign of trauma to the pelvic area nor any semen.
The defendant testified that he met the victim at Sandra’s Bar and took her to his apartment. When they got there, they smoked marijuana laced with cocaine. They then had consensual sexual intercourse and performed oral sex on each other. The defendant then fell asleep. The victim woke him up and told him that she had to go back to the bar in Kenner to get her car. He tried to get her to spend the night. The victim got upset that he did not want to take her back to her car. She went downstairs, but he talked her into coming back into his apartment. They smoked some more. He then started getting dressed to take her home. She was still upset with him and ran out of his apartment.
A review of the record reveals that there are no errors patent.
In his first assignment of error, the defendant contends that the trial court erred in denying his motion to continue trial. Defense counsel immediately before trial began alleged that he had learned only two days earlier that, on the night the offenses were committed, the defendant and the victim had smoked “geese” (marijuana laced with cocaine) together, and that the trial *690 should be continued to allow him time to secure an expert to testify regarding the effects of this drug. The trial court denied the motion. However, the trial court said that it would allow the defense to cross-examine the doctor the State planned to call regarding the rape on the effects of this drug or, alternatively, would allow the defense to call the Coroner or one of his assistants to testify as an expert on this drug.
C.Cr.P. art. 812 provides that a continuance may be granted in the discretion of the court “if there is good ground therefor.” Whether a motion to continue should be granted depends upon the particular facts and circumstances of each case. A showing of specific prejudice is generally required to demonstrate that the trial court erred in denying the continuance. State v. Simpson, 403 So.2d 1214 (La.1981); State v. Greco, 575 So.2d 407 (La.App. 4th Cir.1991). A trial court’s ruling on a motion to continue will not be disturbed absent an abuse of discretion. State v. Long, 408 So.2d 1221 (La.1982).
The defendant contends that the denial of the motion to continue prejudiced him because he was unable to obtain expert testimony to impeach the credibility of the victim. He expected the expert testimony to demonstrate that, even though the victim denied that her sexual contact with him was consensual, if she had taken “geese,” she could have consented and not remembered that she consented or could have consented even though later the acts to which she consented were abhorrent to her. The defendant contends he was not at fault in failing to secure the expert before trial because he did not know that he needed one until two days before trial, when he learned that the victim allegedly took the marijuana laced with cocaine.
The defendant has merely speculated as to what he hoped the expert’s testimony at trial would be, had he found an expert. It cannot be concluded on the information provided that an expert would have testified as the defendant has speculated so as to impeach the victim’s credibility. Consequently, the defendant has not demonstrated that it was prejudiced by not having an expert.
The defendant has also not demonstrated why he could not have sooner discovered that the victim had taken these drugs on the night the crimes were committed so that he could have obtained an expert before trial. The defendant does not specifically state that he did not tell defense counsel about the drugs until two days before trial. A comment by the prosecutor during the hearing on the motion indicates that the defense counsel could have discovered this fact earlier than he did and that he learned of the drug usage from a witness other than the defendant. Considering these facts, the trial court did not abuse its discretion in denying the motion to continue trial.
In his second assignment of error, the defense contends that his sentence for attempted forcible rape must be vacated because the trial judge primarily based the sentence he imposed upon his own dislike for the defendant’s sexual promiscuity. The defendant was sentenced as a second felony offender to forty years at hard labor, the maximum imposable sentence.
The sentence imposed by the trial court must be based upon the criteria set forth in C.Cr.P. art. 894.1, which specifies the factors that the trial court must consider in making its determination. “While the trail judge need not articulate every aggravating and mitigating circumstance presented in C.Cr.P. art. 894.1, the record must reflect that he adequately considered these guidelines in particularizing the sentence to the defendant.” State v. Gulden, 399 So.2d 194, 200 (La.1981), cert. den., Gulden v. Louisiana, 454 U.S. 1150, 102 S.Ct. 1017, 71 L.Ed.2d 305 (1982). In accordance with these guidelines, the sentencing record should reflect that the trial court considered the personal history and past criminal history of the defendant and the seriousness of the crime. State v. Quebedeaux, 424 So.2d 1009 (La.1982), appeal on remand, 446 So.2d 1210 (La.1984).
The sentencing transcript and the transcript of the multiple bill hearing and *691 re-sentencing indicates that the judge specifically addressed each of the factors set forth in C.Cr.P. art 894.1. He further noted the defendant’s prior record, which included an armed robbery conviction. While it is true that the judge commented on the defendant’s practice of picking women up in bars and taking them home with him, these comments were based upon facts about which the defendant himself testified at trial. The record taken as a whole indicates that the judge based his sentencing decision upon the factors set out in C.Cr.P. 894.1, rather than exclusively upon his own moral values. Thus this assignment of error is without merit..
For the foregoing reasons, defendant’s convictions and sentences are affirmed.
AFFIRMED.