671 So.2d 967 (1996)
STATE of Louisiana
v.
Raymond COCKERHAM.
No. 95-KA-0172.
Court of Appeal of Louisiana, Fourth Circuit.
March 14, 1996.
*969 Graham Daponte, New Orleans, for defendant/appellant, Raymond Cockerham.
Harry F. Connick, District Attorney and Susan M. Erlanger, Assistant District Attorney of Orleans Parish, New Orleans, for appellee, the State of Louisiana.
Before CIACCIO, WALTZER and MURRAY, JJ.
MURRAY, Judge.
On November 25, 1985 Raymond Cockerham was convicted of two counts of armed robbery which occurred on May 7, 1985 and May 30, 1985. He was sentenced on April 1, 1986 to serve thirty years at hard labor without benefit of parole, probation, or suspension of sentence on each count, to run consecutively. The convictions and sentences were affirmed in an errors patent appeal. State v. Cockerham, 497 So.2d 796 (La.App. 4th Cir.1986). On April 14, 1994, in 94-K-0337, this Court ordered the trial court to grant the relator an out of time appeal pursuant to Lofton v. Whitley, 905 F.2d 885 (5th Cir.1990).
FACTS
At approximately noon on May 7, 1985, a man, later identified as Raymond Cockerham, entered Castro's Grocery Store. He picked up a can of tomato paste, asked how much it was, then put it back on a shelf. He then approached the cashier Caroline Gordon, told her to be quiet, and to give him the money. He was armed with a black old fashioned hand gun. After receiving the money, he ran out of the store, past Paul Thomas and the owner of the grocery.
On May 30, 1985, Ms. Gordon was again working as a cashier at Castro's Grocery. On that date, at approximately, one o'clock p.m., Mr. Cockerham again entered the store. Ms. Gordon recognized him and told Paul Thomas "I'll be, the same little bastard gonna do it again." Mr. Cockerham then held a gun on Ms. Gordon and Mr. Thomas and demanded money out of the cash drawer. After obtaining the money, Mr. Cockerham pulled out the drawer itself and searched the cash register. He then fled. Ms. Gordon called to her boss that the same person had just robbed them again. On this second occasion, according to Ms. Gordon, Mr. Cockerham was armed with a small silver gun with a pearl handle.
Both Caroline Gordon and Paul Thomas participated in photo line-ups involving Raymond Cockerham's picture. They each identified him as the perpetrator of the May 30, 1985 robbery. Ms. Gordon also identified him as the perpetrator of the May 7, 1985 robbery.
In addition to the testimony of Ms. Gordon and Mr. Thomas, Officer Albert Hynes testified to responding to the call of the May 7, 1985 robbery. Officer David Fisher testified that he responded to the call of the May 30, 1985 robbery. Officer Fisher further testified that on October 3, 1985, while on routine patrol, he recognized Raymond Cockerham from a flyer handed out at roll call. He pursued Mr. Cockerham and arrested him. During the pursuit, Raymond Cockerham threw down a chrome revolver; but it was not recovered.
The defense presented no witnesses at trial.

ERRORS PATENT
A review of the record for errors patent reveals none.

ASSIGNMENT OF ERROR NUMBER 1
In his first assignment, Mr. Cockerham contends that the trial court erred when it denied the motion to continue made on the *970 morning of trial. Counsel first made his motion on the grounds that he had been unable to locate one of the defense's essential alibi witnesses, Gwen Carter.
La.Code Crim.Proc.Ann. art. 709 (West 1981) provides:
A motion for a continuance based upon the absence of a witness must state:
(1) Facts to which the absent witness is expected to testify, showing the materiality of the testimony and the necessity for the presence of the witness at the trial;
(2) Facts and circumstances showing a probability that the witness will be available at the time to which the trial is deferred; and
(3) Facts showing due diligence used in an effort to procure attendance of the witness.
La.Code Crim.Proc.Ann. art. 710 (West 1981) provides:
When a motion for a continuance is based on the absence of a material witness, and the adverse party admits that if the witness were present he would testify as stated in the motion, the court may proceed to the trial of the case. If the court is of the opinion that despite the admission, the case cannot be tried with justice to the applicant, it may require the adverse party to admit also the truth of the testimony as a condition of refusing to grant the continuance.
A trial court's decision to deny or grant a continuance is within its broad discretion and will not be disturbed absent a clear showing of abuse of that discretion. State v. Holmes, 590 So.2d 834 (La.App. 4th Cir.1991); State v. Myers, 584 So.2d 242 (La.App. 5th Cir.1991), writ denied, 588 So.2d 105 (La.1991), cert. denied, Myers v. Louisiana, 504 U.S. 912, 112 S.Ct. 1945, 118 L.Ed.2d 550 (1992). The decision whether to grant or deny a motion to continue depends on the circumstances of each particular case. A showing of specific prejudice is generally required to demonstrate that the trial court erred in denying the continuance. State v. Holmes.
Raymond Cockerham failed to make the requisite showing under La.C.Cr.P. art. 709. The expected testimony of Ms. Carter was not proffered. Also, while counsel did state that he had personally investigated and been unable to locate her whereabouts, no showing was made that she would be located and available at a future date. Therefore, the trial court did not err in denying the motion on these grounds.
After the motion had been denied, defense counsel then requested that the record should reflect that the State informed him on the previous day that it intended to proceed to trial on a different case involving one Donald McGee. Counsel stated that he was unprepared for trial because he was not expecting to try the defendant's case. These statements are the basis for Mr. Cockerham's argument that denial of the motion to continue constituted reversible error. Mr. Cockerham argues that counsel was so unprepared that he rendered ineffective assistance to him.
Where the continuance motion is based on inadequate time for counsel to prepare a defense, this specific prejudice requirement has been disregarded only when the preparation time was "so minimal as to call into question the basic fairness of the proceeding." State v. Jones, 395 So.2d 751, 753 (La.1981) citing State v. Winston, 327 So.2d 380 (La.1976).
In State v. Simpson, 403 So.2d 1214 (La. 1981), the Louisiana Supreme Court found that the trial court abused its discretion in denying the defendant's motion for continuance filed orally immediately before trial. Defense counsel in that case was a member of the Office of the Public Defender and was unaware that he was representing the defendant until the morning of trial. Defense counsel had no time to prepare for trial, and the Office of the Public Defender did not receive notice that the defendant's case was set for trial. The defendant was told that a trial date had been set but he did not communicate with his attorney. The court found that, although generally the defendant must show specific prejudice arising from the trial court's denial of a motion for a continuance, in that case, "defendant's right to a fair trial was substantially affected by being forced to *971 go to trial with counsel who had no time to prepare a defense through no fault of his own." State v. Simpson, 403 So.2d at 1216. The court reversed the defendant's conviction without a discussion of whether the defendant showed specific prejudice.
In State v. Winston, 327 So.2d 380 (La. 1976), the Louisiana Supreme Court found that the trial court abused its discretion in denying a motion for a continuance where defense counsel had only three days to prepare for trial. In that case, the court distinguished cases where counsel had a longer period of time to prepare for trial, and reasoned that the difficulty in preparing for trial where the crime occurred many months before trial must be considered when determining adequate time for trial preparation.
In State v. Holmes, 590 So.2d 834 (La.App. 4th Cir.1991), the defendant was forced to trial only several minutes after the preliminary hearing concluded. The defense counsel argued that he was unprepared for trial, given the short period of time between the preliminary hearing and trial. However, the trial date in that case was set sixty days in advance and this Court found that counsel's lack of adequate preparation for trial was due to his own neglect, not because the trial court denied the motion for a continuance.
In State v. McNeil, 613 So.2d 752 (La.App. 4th Cir.1993) this Court stated:
Considering the Louisiana Supreme Court's decision in State v. Simpson, 551 So.2d 1303 (La.1989), the prosecutor is ordered to notify the indigent defense counsel within a reasonable time before trial (but not less than 48 hours) of the order in which the cases will be called for trial when more than one case is set for trial on a particular day. (citation omitted)
Here, on the day before trial, the indigent defender was apprised of the order of trial, specifically that of the two cases set for that day, the defendant's was the second on the list. Similarly, in State v. McNeil, 613 So.2d 752 (La.App. 4th Cir.1993), writ granted in part, vacated in part, 623 So.2d 1320 (La. 1993) the defense counsel was informed on the day before trial that the State intended to proceed with two other cases, but in the event they were not ready, trial would proceed against McNeil. On appeal, this Court held that the defense counsel received adequate notice to prepare for trial.
Moreover, a review of the trial transcript in this case does not show that the defense counsel was unprepared for trial. He informed the trial court that one of the defense witnesses was on standby; the other was the one who could not be located at all. Furthermore, at the conclusion of the motion to suppress identification hearing on March 3, 1986, the trial court informed defense counsel of the March 25, 1986 trial date and told him to subpoena his witnesses. There had already been extensive pretrial hearings, including two days of testimony on the motion to suppress identification and a preliminary hearing. Defense counsel had a copy of the preliminary hearing and first day of the motion hearing transcript. He used it extensively to cross-examine Caroline Gordon in an attempt to impeach her testimony regarding the identification of Raymond Cockerham.
Mr. Cockerham cites other examples of his trial counsel's conduct as evidence of his unpreparedness and thus the trial court's error in denying the motion to continue the trial; however he does not actually assign ineffective assistance of counsel as error. In this regard, he suggests that there were discrepancies between the descriptions reflected in the police reports and the testimony given at trial. He argues that if counsel had been prepared, he would have exploited these differences. He also argues that counsel's unpreparedness caused him to question Officer Fisher about his arrest, leading to the admission of damaging evidence regarding the weapon thrown down at that time.
This Court, based on the record before it, can only speculate on why trial counsel pursued the line of questioning that it did with Officer Fisher. Mr. Cockerham concedes that it may have been an attempt to impeach Officer Fisher. If so, that is a matter of trial strategy which cannot form the basis of an ineffective assistance of counsel claim. State v. Bienemy, 483 So.2d 1105 (La.App. 4th Cir.1986). The more potentially troubling complaint is the counsel's alleged *972 failure to cross-examine Caroline Gordon and Paul Thomas about alleged discrepancies in their descriptions. Defense counsel was aware of the descriptions as reflected in the police reports because Officer Hynes and Officer Fisher both reviewed these descriptions during their testimony at the motion to suppress identification hearing on February 28, 1986 and actually read the police reports at that time in open court. However, a review of the police reports[1] do not show such clear inconsistencies that the failure to bring them to the jury's attention could be said to raise a reasonable probability sufficient to undermine confidence in the outcome of the trial. Strickland v. Washington, 466 U.S. 668, 693, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674 (1984).
The other allegation refers to defense counsel's failure to call any alibi witnesses. At least one such witness was on standby, according to the trial transcript. Because the expected testimony of that witness is unknown, the prejudicial impact of the failure to call him or her cannot be determined. Furthermore, the record before this Court in no way reveals why counsel did not call the witness. This allegation is better raised in an application for post conviction relief. State v. Prudholm, 446 So.2d 729 (La.1984); State v. Johnson, 557 So.2d 1030 (La.App. 4th Cir.1990); State v. Reed 483 So.2d 1278 (La.App. 4th Cir.1986).
The first assignment of error has no merit.

ASSIGNMENT OF ERROR NUMBER 2
In his second assignment of error Mr. Cockerham contends that the trial court erred when it denied the motion to suppress the out of court identification. He argues that the line-up procedure was suggestive because in the six photographs presented to the victim, only the defendant was dressed in an Orleans Parish Prison uniform.
When reviewing an out-of-court identification procedure for its constitutionality and its consequent admissibility, the court must first make a determination of whether the police used an impermissibly suggestive procedure in obtaining the out-of-court identification. Manson v. Brathwaite, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977); State v. Prudholm, 446 So.2d 729 (La.1984); State v. Valentine, 570 So.2d 533 (La.App. 4th Cir.1990). If the court finds in the affirmative, the court must then decide, under all the circumstances, if the suggestive procedure gave rise to a substantial likelihood of irreparable misidentification. Manson, 432 U.S. 98, 97 S.Ct. 2243; State v. Prudholm, 446 So.2d 729; State v. McPherson, 630 So.2d 935 (La.App. 4th Cir.1993); State v. Valentine, 570 So.2d 533.
In Manson, the Supreme Court set forth a five-factor test to determine whether an identification is reliable: (1) the opportunity of the witness to view the assailant at the time of the crime; (2) the witness' degree of attention; (3) the accuracy of the witness' prior description of the assailant; (4) the level of certainty demonstrated by the witness; and (5) the length of time between the crime and the confrontation.
A photographic lineup may be overly suggestive if the photographs display a defendant so singularly that a witness' attention is unduly focused upon that defendant. However, even if the identification were made from a suggestive lineup, a conviction will not be reversed if the identification is otherwise reliable. State v. Prudholm, 446 So.2d 729; State v. McPherson, 630 So.2d 935; State v. Flank, 537 So.2d 236 (La.App. 4th Cir.1988).
According to Mr. Cockerham's brief, the actual photographs used in the line-up have been destroyed by the clerk's office of district court. He relies on testimony by Detective Rodrigue at the February 28, 1986 motion to suppress hearing. Detective Rodrigue was asked if he noticed anything unusual about the defendant's picture, to which he replied "not really." Defense counsel then asked the detective if anyone else in the photo line-up was wearing an O.P.P. uniform. Detective Rodrigue testified:

*973 Not really. But all you see is the white on the uniform. You can't tell it's O.P.P. unless you're familiar with it. That's the only photograph that was available of him. Had they had other photographs available it wouldn't have been in that uniform.
Based on this testimony, it does not appear that the photographic line-up procedure was unduly suggestive. The detective clearly testified that Raymond Cockerham's clothing was not readily identifiable as an Orleans Parish Prison uniform. The trial court, which had the opportunity to view the photo line-up, apparently also felt it was not unduly suggestive because the defendant's motion was denied. However, even if it was suggestive, under the factors outlined in Manson v. Brathwaite, 432 U.S. 98, 97 S.Ct. 2243, the identification appears reliable. The first robbery occurred in a store during the noon hour. Ms. Gordon stated that the robber initially picked up a can of tomato paste, asked the price, then put it down. Through this exchange, she had an ample opportunity to view the robber. Furthermore the photographic line-up occurred approximately one week after the first robbery, and Ms. Gordon was positive in her identification. This assignment of error lacks merit.

ASSIGNMENT OF ERROR NUMBER 3
In his final assignment of error, the Mr. Cockerham suggests that it was error to show the jury the photograph of him in an Orleans Parish Prison uniform. He argues that it violated his right not to appear in prison clothing and constituted an impermissible reference to other crimes.
As to these allegations, there were no objections to the jury viewing the photograph on the grounds that it forced him to appear in prison clothing or that it constituted evidence of other crimes. As noted by this court in State v. Taylor, 91-2496, (La.App. 4th Cir. 3/29/94), 635 So.2d 416, 420: "The contemporaneous objection rule exists, not only so that a trial judge may correct the error at the time it is made, but it also serves notice in the record that the complained of conduct was so noticeable as to create prejudice in the minds of the jurors." Because no objection was made to the introduction of the photographs on this basis, allowing the trial court the opportunity to correct any potential error, this court cannot now consider this argument.
Furthermore, it does not appear that Mr. Cockerham was prejudiced; according to Detective Rodrigue's testimony, the clothing in the photograph was not readily identifiable as prison clothing.
This assignment of error has no merit.
The conviction and sentence should be affirmed.
AFFIRMED.
NOTES
[1] The reports were never actually a part of the appeal record except that they were attached to a pro se application for post conviction relief filed by Raymond Cockerham and attached to his brief.