I, ARMSTRONG, Judge.
We grant the state’s writ application to consider the correctness of the trial court’s judgment granting the defendant’s motion to suppress the identification.[1] The trial court found that the photographic line-up was suggestive.
A review of the November 21, 1997 hearing transcript shows that the photographic array compiled by Officer Arthur Koffman contained six photographs. Five of the photographs had dark backgrounds; the defendant’s picture had a light background. Officer Koffman testified that the only reason for the difference in the background is that a computer selects pictures based on “a formula of height, weight, date-of-birth, general description, and these are the photos that best matched ... the alleged perpetrator.” Officer Koffman testified in general at the hearing that he did not suggest to the victim what picture he should select. Officer Koff-man also testified, however, that the victim had told him that he was acquainted with the defendant. The photographic line-up was conducted on July 8, 1997 at the Medical Center of Louisiana (Charity Hospital); the offense occurred on July 7,1997.
The victim, Larry Thomas, testified on November 25, 1997. He stated that the defendant “used to stay in the neighborhood like two or three years ago.” Hepalso described the location of the residence where the defendant’s girlfriend’s relatives lived. The victim knew the defendant by his first name, Bobby.
As to the identification procedure, the victim testified the police officer who showed him the photos did not indicate whom he should select. The officer merely asked him if he could identify the person who shot him.
No other witnesses testified. After the victim’s testimony, counsel for the defendant argued to the trial court that the photo lineup was clearly suggestive because only the defendant’s photo had a light background. Because of the difference in the photograph’s background, he requested that the motion to suppress be granted. The State emphasized in response that, even if there were small differences, the victim knew the defendant *1290 from around the neighborhood and knew his first name.
The minute entry indicates that the court found the photographic line-up to be suggestive; apparently the court was persuaded by defense counsel’s argument.[2]
In State v. Sterling, 96-1390 (La.App. 4 Cir. 11/13/96), 684 So.2d 74, two witnesses, a mother and her minor daughter, viewed the photographic line-up at the same time. There was no bad faith on the part of the police because they were unaware that the mother had also seen the perpetrator. The mother selected the defendant’s picture after her daughter did. The trial court granted the defendant’s motion to suppress the mother’s identification but this Court reversed that ruling. In the Court’s opinion, the applicable law was extensively reviewed:
The defendant bears the burden of proving that an out-of-court identification itself is suggestive, and that there was a likelihood of misidentification as a result of the identification procedure. State v. Lee, 94-2584 (La.App. 4 Cir. 1/19/96), 668 So.2d 420, writ denied 96-0477 (La. 5/10/96), 672 So.2d 919. An identification |3procedure is unduly suggestive if it focuses attention on the defendant. State v. Davis, 27,961 (La.App. 2 Cir. 4/8/96), 672 So.2d 428. Even a suggestive out-of-court identification will be admissible if it is found rehable under the totality of circumstances. State v. Guy, 95-0899 (La.App. 4 Cir. 1/31/96), 669 So.2d 517, writ denied, 96-0388 (La. 9/13/96), 679 So.2d 102.
If the photographic identification is found to be suggestive, it must be determined whether, under all the circumstances, the suggestive procedure gave rise to the substantial likelihood of irreparable misidentification, for it is the likelihood of the misidentification which violates due process, not merely the suggestive identification procedure. State v. Nguyen, 95-1055 (La.App. 5 Cir. 3/26/96), 672 So.2d 988, writ denied, 96-1019 (La. 10/4/96), 679 So.2d 1377.
The United States Supreme Court set forth a five-factor test to determine whether an identification is rehable: (1) the opportunity of the witness to view the assailant at the time of the crime; (2) the witness’ degree of attention; (3) the accuracy of the witness’ prior description of the assailant; (4) the level of certainty demonstrated by the witness; and (5) the length of time between the crime and the confrontation. Manson v. Brathwaite, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977); State v. Cockerham, 95-0172 (La.App. 4 Cir. 3/14/96), 671 So.2d 967, writ denied, 96-1257 (La. 10/25/96), 681 So.2d 363. Also to be considered under the totality of circumstances is the deterrent effect on pohce behavior so the pohce will guard against unnecessarily suggestive procedures for fear that their actions will lead to the exclusion of identifications as unreliable. Manson v. Brathwaite, supra.
In Manson v. Brathwaite, id., the United States Supreme Court held that while the identification procedure was suggestive since only one photograph was used, and while it was unnecessary since there was no emergency or exigent circumstance, the substantial likelihood of irreparable mis-identification did not exist where the identification was made by a trained pohce officer who had a sufficient opportunity to view the suspect, accurately described him, positively identified his photograph, and made the photographic identification two days after the crime.
|4In the instant case, there was no testimony ehcited regarding the victim’s opportunity to view the person who shot him or his degree of attention; in fact there ^ was no testimony regarding the crime at ah. The identification procedure was conducted on the day after the shooting. Officer Koffinan explained the discrepancy in the background as being the result of the computer’s selection of photographs based on descriptive information. The transcript does not indicate if the description came from the victim or if it was obtained from known information about the defendant.
*1291 The record clearly shows that the defendant was not a complete stranger to the victim. The victim was also positive in his identification. In State v. Salone, 93-1635 (La.App. 4th Cir. 12/28/94), 648 So.2d 494, this Court held that an identification of the defendant’s photograph presented alone, although suggestive, was reliable and admissible where the defendant had been employed by the victim for a two-week period approximately six weeks prior to the shooting. Similarly, in the instant case, even if the photographic line-up was suggestive, the identification of a person known to the victim by his first name is reliable and admissible.
For the foregoing reasons, we grant the application of the State; reverse the ruling of the trial court and deny the defendant’s motion to suppress the identification. The case is remanded to the trial court for further proceedings.

WRIT GRANTED; JUDGMENT REVERSED AND REMANDED.

. We ordered, on January 26, 1998, the defendant to reply to the State’s application. The defendant failed to file any opposition.

. The State did not provide this Court with a transcript of the trial court’s ruling.