403 So.2d 1214 (1981)
STATE of Louisiana
v.
Alfred SIMPSON.
No. 81-KA-0047.
Supreme Court of Louisiana.
September 8, 1981.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie Brown, Dist. Atty., Premila Chumbley, Kay Kirkpatrick, Asst. Dist. Atty., for plaintiff-appellee.
Jeff Calmes, Baton Rouge, M. Michelle Fournet, Asst. Public Defender, for defendant-appellant.
MARCUS, Justice.
Alfred Simpson was charged by bill of information with simple burglary in violation of La. R.S. 14:62. After trial by jury, defendant was found guilty of attempted simple burglary and sentenced to serve four years at hard labor. Although defendant designated nine years to be urged on appeal, he briefed and argued only Assignment of Error No. 1. Therefore, the remaining assignments of error are considered to have been abandoned.[1]
*1215 In assignment of Error No. 1, defendant contends the trial judge erred in denying his motion for continuance. We agree.
Defendant was arrested and booked with simple burglary on the night of January 29, 1980. On the following day, defendant appeared in court, bail was fixed, and defendant stated that he would retain his own counsel. He was given notice to appear in court on February 15, 1980 in order to name counsel. On that day, defendant appeared without counsel before Judge Doug Moreau. The Office of Public Defender was appointed to represent him and it was ordered that notice of appointment be sent to that office.
Defendant was released from jail on an appearance bond filed on March 6, 1980. He was formally charged by bill of information on April 18, 1980. On May 27, 1980, when defendant failed to appear for arraignment, Judge Moreau issued a warrant for his arrest and ordered the bond forfeited. Three days later (May 30), defendant appeared in court. The warrant was recalled and the bond forfeiture was set aside. Defendant was arraigned and advised of his right to counsel. He entered a plea of not guilty and the case was set for trial for July 7, 1980. The court questioned defendant and determined that he could afford to hire counsel. Defendant was given notice of trial and advised to contact counsel. On July 7, 1980, defendant appeared in court without counsel. The case was passed and reset for trial for August 11, 1980. The court advised defendant to appear in court on that day with an attorney.
Apparently unaware of any progress in defendant's case since being appointed to represent him, the Office of Public Defender, through attorney Vincent Wilkins, Jr., filed a motion for a speedy trial on August 5, 1980. The motion indicated that the Office of Public Defender had been appointed to represent defendant on February 20, 1980 and erroneously stated that defendant was incarcerated and unable to furnish bond and that no trial date had been set.
On August 11, 1980, Judge Moreau called the case for trial. The state indicated that it was ready for trial. At this point, Mr. Jeff Calmes, assistant public defender, informed the court that he was not prepared to represent defendant. He stated that he was not even aware that the Public Defender's Office had been appointed to represent defendant. Thereupon, he moved for a continuance.[2] The trial judge denied the motion noting that defendant had been advised to be ready to proceed to trial with an attorney on August 11, 1980, and that the blame was on defendant if he was not prepared to do so, "first, for not bringing another attorney; second, for if having the Office of Public Defender appointed, for not going there." Judge Moreau stated that at both of defendant's prior appearances before him, defendant had not informed the court that the Office of Public Defender had been appointed to represent him and had indicated that he would retain counsel. The judge further observed the he was "fully aware of the circumstances" that Mr. Calmes was in and did not consider him at fault.
Upon suggestion of the state, the judge decided to select the jury and then to proceed with the remainder of the trial on the following day. Selection of the jury was to commence after a noon recess. Upon inquiry by Mr. Calmes, Judge Moreau confirmed the fact that the Office of Public Defender represented defendant. Mr. Calmes then moved to withdraw his motion for a speedy trial. The trial judge deferred ruling on the motion until after the recess. Defense counsel noted his objection to the denial of his motion for continuance.
*1216 After the recess, but before selection of the jury commenced, defense counsel again objected to going to trial that day. He argued that defendant could not receive a fair trial because he was not prepared to defend him. He pointed out that although his office was counsel of record in the case, it was never sent notice of a hearing on the motion for a speedy trial or notice of the trial date. Judge Moreau ordered the motion for a speedy trial dismissed "as being moot" because the case was going to trial. He further stated that since defendant had been given personal notice of the trial date, any prejudice resulting from his failure to communicate that information to either his appointed counsel or counsel of his choice was attributable to him. The court then proceeded with the selection of the jury. After selection of the jury, the case was recessed for the day. The trial was completed the next day and defendant was found guilty of attempted simple burglary.
The granting or refusal of a motion for a continuance rests within the sound discretion of the trial judge and his ruling will not be disturbed on appeal absent a clear abuse of discretion. Whether a refusal to grant a continuance was justified depends primarily on the circumstances of the particular case. We have generally declined to reverse convictions absent a showing of specific prejudice caused by the denial of a continuance. La.Code Crim.P. art. 712; State v. Ordonez, 395 So.2d 778 (La. 1981). However, this is not without exception.
In the instant case, Mr. Calmes was not aware that he was representing defendant until the morning of trial. Although the Office of Public Defender was counsel of record and had previously received notice of its appointment, the office was totally unaware that a trial date had been set. This is evidenced by its motion for a speedy trial filed six days earlier in which it stated that no trial date had been set. It is also apparent that there had been no contact between the Office of Public Defender and defendant prior to the morning of trial. Although only jury selection took place on the first day of trial, defense counsel had no time to prepare for trial. Moreover, defense counsel was free from fault as the Office of Public Defender never received notice of the trial date; therefore, it had a reasonable explanation for not being prepared for trial. Additionally, defendant's failure to communicate the trial date to his appointed counsel, whom he most probably did not even know represented him, is not a valid reason to require him to go to trial with counsel who has had no time to prepare a defense.
In our view, defendant's right to a fair trial was substantially affected by being forced to go to trial with counsel who had no time to prepare a defense through no fault of his own. Accordingly, we find that the trial judge abused his discretion in denying defendant's motion for continuance. We must reverse. See State v. Benson, 368 So.2d 716 (La.1979); State v. Winston, 327 So.2d 380 (La.1976).

DECREE
For the reasons assigned, the conviction and sentence are reversed and the case is remanded to the district court for a new trial.
LEMMON, J., dissents and assigns reasons.
LEMMON, Justice, dissenting.
The trial court properly denied the continuance because defendant was "playing with the system", first by not appearing and then by failing to employ counsel.
It is insignificant that the public defender, through no fault of his own, was not prepared to present a defense on the August 11 trial date. The public defender's February 15 appointment had been subsequently overridden by the trial court's May 30 determination that defendant was not indigent and could afford counsel. Thereafter, the public defender had no part to play in the proceedings, and defendant did not rely on the public defender to provide *1217 his defense.[1] Indeed, defendant on several occasions indicated that he would retain counsel, and the court warned him, well in advance of each trial date that was fixed, to contact an attorney.
Thus, it was defendant's own deliberate inaction (and not any lack of notice to or preparation by the public defender) that caused defendant to be in a disadvantageous position on August 11. If the public defender had not appeared on that date (because of the purely coincidental motion for a speedy trial), the trial court clearly could have found that defendant had waived his rights to counsel and required defendant to proceed without counsel. The public defender did appear, however, and the trial court wisely allowed representation (and even accorded a one-day delay), probably reasoning that defendant was better off with inadequately prepared counsel than with no counsel at all.
Since I believe the trial court properly handled the entire matter (except for the non-prejudicial failure to notify the public defender that the appointment had been vacated), I would affirm the conviction.
NOTES
[1] State v. Blanton, 325 So.2d 586 (La. 1976); State v. Carlisle, 315 So.2d 675 (La.1975).
[2] We are aware that La.Code Crim.P. art. 707 provides that an application for a continuance shall be by written motion whereas, here, the motion was oral. However, due to the fact that the occurrences that allegedly made the continuance necessary arose unexpectedly, defense counsel had no opportunity to prepare a written motion. Moreover, the record reflects that the trial judge was fully aware of the ground upon which defendant's motion was based and ruled thereon. Under the circumstances, we consider that the trial judge's denial of defendant's motion for a continuance is before us for review. State v. Parsley, 369 So.2d 1292 (La. 1979).
[1] From a legal standpoint the appointment could be disregarded, although the court did not expressly vacate the appointment.