774 So.2d 318 (2000)
STATE of Louisiana
v.
Jesse J. COMMODORE.
No. 2000-KA-0076.
Court of Appeal of Louisiana, Fourth Circuit.
November 21, 2000.
Harry F. Connick, District Attorney, Jane L. Beebe, Assistant District Attorney, New Orleans, Louisiana, Counsel for Plaintiff-Appellee State of Louisiana.
Laura Pavy, Louisiana Appellate Project, New Orleans, Louisiana, Counsel for Defendant-Appellant Jesse J. Commodore.
Court composed of Chief Judge ROBERT J. KLEES, Judge JOAN BERNARD ARMSTRONG and Judge MICHAEL E. KIRBY.
KLEES, Chief Judge.
Jessie J. Commodore was charged by bill of information on March 19, 1999, with possession of cocaine, a violation of La. R.S. 14:967. At his arraignment on March 24, 1999, he entered a plea of not guilty. On April 7, 1999, the court found probable cause and denied the motion to suppress the evidence. On June 28, 1999, a six-member jury found the defendant guilty as charged. On July 6, 1999, the court sentenced the defendant to thirty months without benefit of parole, probation or suspension of sentence and a fine of $205.00. Thereafter, the State filed a multiple bill of information to which the defendant pled not guilty. On October 1, 1999, the court *319 adjudged the defendant a second felony offender, and vacated the original sentence and sentenced the defendant to thirty months without benefit of parole, probation or suspension of sentence.

STATEMENT OF FACT
John Palm, criminalist with the NOPD and expert in analysis and identification of narcotics, stated that he tested four pieces of rock-like substance seized from the defendant. He testified that he subjected the substance to microcrystalline testing, gas chromatography and mass spectrometer examination, and that the testing proved positive for cocaine.
Officer Earl Razor testified that during the early evening hours of March 9, 1999, he and his partner, Officer Vincent Smith, were patrolling in a marked police vehicle the in the area of Forstall and North Johnson Streets. He observed the defendant and another male conversing near a corner grocery store. When the defendant saw the police, he quickly turned his back to the officers, and dropped an object to the ground. From past experience, Officer Razor recognized this behavior as drug related. He exited the police car and approached the suspects. Officer Smith retrieved the plastic bag which the defendant discarded. The officers recognized the contents of the bag as crack cocaine. Officer Razor read the defendant his rights and placed him under arrest. The officer confiscated $205 from the defendant.
Officer Vincent Smith testified that he and Officer Razor were patrolling the area of Forstall and North Johnson Streets, a heavy drug activity area, when he witnessed the defendant engage in a hand to hand drug transaction near a corner grocery store. When the defendant noticed the officers stopping and exiting their vehicle, he dropped a plastic bag containing crack cocaine. Officer Smith retrieved the bag containing the contraband. The officers also confiscated $205 from the defendant. There were no witnesses to the incident.
Mr. Ronnie Davis testified that when he came out of the corner grocery store on the corner of Forstall and North Johnson Streets he stopped to talk to the defendant. Just then the police drove up and handcuffed the defendant. The police began questioning the two men, but let Mr. Davis leave. Before he left, Mr. Davis saw the officers go around the corner and retrieve a box. The officers did not find any contraband on the ground near the defendant. There were many people standing around when the police arrived. Mr. Davis denied that the defendant possessed any cocaine.
Mr. Wendell Gettridge testified that he witnessed the defendant's arrest from his parked vehicle. When the police exited their vehicle at the grocery store, several men scattered, some ran away and others ran into the store. The defendant and Ronnie Davis were conversing on the corner when the police handcuffed the defendant. Mr. Gettridge did not see the defendant throw down any contraband.
Ms. Betty Burns, the defendant's mother-in-law, testified that she agreed to meet defendant at the corner grocery store at Forstall and North Johnson Streets. She met him there to give him $200 to bail her daughter out of jail. She was a short distance from the defendant the Ronnie Davis when the police arrived. As the police exited their vehicle, a group of men near the store scattered, and one of them threw down a bag. The defendant and Ronnie Davis did not leave the area because they had no reason to run. The defendant did not have any drugs but the police charged him anyway. The police put handcuffs on him and placed him in the back seat of the police car.

ERRORS PATENT
A review for errors patent on the face of the record reveals one. La.C.Cr.P. art. 873 provides for a twenty-four hour delay after a motion in arrest of judgment or a motion for new trial is denied before a defendant can be sentenced. The record *320 indicates that the trial judge sentenced the defendant immediately after denying his motion for new trial, and there is no indication the defendant waived the twenty-four hour delay at the time the motion was denied. In so doing the trial court erred. Such an error is harmless, however, where no error is raised as to the defendant's sentence. State v. Thomas, 620 So.2d 469, 472 (La.App. 4th Cir.), writ denied, 625 So.2d 1062 (1993). Therefore, in the present case where no error is raised as to Mr. Commodore's sentence, the failure of the trial court to observe the delay period should be considered harmless error.
Appellate counsel assigns error patent to the court's failure to notify the defendant of the prescriptive period for post conviction relief pursuant to C.Cr.P. art. 930.8(C). The Louisiana Supreme Court has held that La.C.Cr.P. art. 930.8(C) is "supplicatory language and does not bestow an enforceable right upon an individual defendant." State ex rel. Glover v. State, 93-2330, 94-2101, 94-2197 (La.9/5/95), 660 So.2d 1189; State v. Guy, 95-0899 (La.App. 4th Cir.1/31/96), 669 So.2d 517, writ denied 96-0388 (La.9/13/96), 679 So.2d 102. Thus, the trial court's failure to advise him of the prescriptive period for post conviction relief does not require any action on the part of this Court. State v. Guillard, 98-0504 (La.App. 4th Cir. 4/7/99), 736 So.2d 273.

ASSIGNMENT OF ERROR NUMBER 1
In a sole assignment of error, the defendant argues that the trial court erred in denying defense counsel's motion for continuance of trial.
Initially, it should be noted that La. C.Cr.P. art. 707 provides that motions for continuance shall be in writing, allege specific grounds for the continuance, and, when made by the defendant, be verified by affidavit. In this case, defense counsel orally moved for a continuance on the day of trial, and did not file a written motion before trial commenced. The Louisiana Supreme Court has recognized that an exception to the requirement that motions to continue be in writing exists where the circumstances that allegedly made the continuance necessary arose unexpectedly so that defense counsel did not have an opportunity to prepare a written motion. State v. Parsley, 369 So.2d 1292, 1294, fn. 1 (La.1979).
In this case, Ms. Saundra Alessi orally moved for a continuance on the morning of trial, prior to jury selection. The trial judge denied her motion, without reasons. Although she did not file a written motion, counsel stated her reasons for requesting the continuance on the record:
I'd like to move for a continuance. I'm substitute counsel. I've never had an opportunity to speak to the client before this morning. I was just handed a police report, and I'm being forced to trial, and I want a request for a continuance to go on the record.
In her motion for appeal, Ms. Alessi reiterated the reasons necessitating the continuance:
Trial Court forced a substitute counsel, filling in for one day, to trial who had never met the defendant, the witnesses, and had not seen the police report ... Counsel had no time to prepare or even think about the case.
A trial court's decision to deny or grant a continuance is within its broad discretion and will not be disturbed absent a clear showing of abuse of that discretion. State v. Holmes, 590 So.2d 834 (La.App. 4th Cir.1991); State v. Myers, 584 So.2d 242 (La.App. 5th Cir.1991), writ denied, 588 So.2d 105 (La.1991), cert. denied, Myers v. Louisiana, 504 112 S.Ct. 1945, 118 L.Ed.2d 550 (1992). The decision whether to grant or deny a motion to continue depends on the circumstances of each particular case. A showing of specific prejudice is generally required to demonstrate that the trial court erred in denying the continuance. State v. Holmes. Where the continuance motion is based on inadequate time for counsel to prepare a defense, *321 this specific prejudice requirement has been disregarded only when the preparation time was "so minimal as to call into question the basic fairness of the proceeding." State v. Jones, 395 So.2d 751, 753 (La.1981) citing State v. Winston, 327 So.2d 380 (La.1976). The reasonableness of discretion issue turns upon the circumstances of the particular case. State v. Simpson, 403 So.2d 1214 (La.1981).
The docket master and minute entries in this case indicate that Powell Miller with the Orleans Indigent Defender's Program (OIDP) was appointed to represent the defendant. Mr. Miller represented the defendant at arraignment on March 24, 1999, probable cause hearing on April 7, 1999, through June 9, 1999, when the trial was re-set for the third time. Ms. Saundra Alessi's name first appears of record on June 28, 1999, when the matter was called for trial. Nothing in the record explains Mr. Miller's absence that day. On June 29, 1999, Ms. Alessi filed a motion for new trial. Thereafter, on July 6, 1999, Powell Miller appeared for sentencing.
In State v. Simpson, 403 So.2d 1214 (La.1981), the Louisiana Supreme Court found that the trial court abused its discretion in denying the defendant's oral motion for continuance urged immediately before trial. Defense counsel in that case was a member of the Office of the Public Defender and was unaware that he was representing the defendant until the morning of trial. Defense counsel had no time to prepare for trial, and the Office of the Public Defender did not receive notice that the defendant's case was set for trial. The defendant was told that a trial date had been set but he did not communicate with his attorney. The court found that, although generally the defendant must show specific prejudice arising from the trial court's denial of a motion for a continuance, in that case, "defendant's right to a fair trial was substantially affected by being forced to go to trial with counsel who had no time to prepare a defense through no fault of his own." State v. Simpson, 403 So.2d at 1216. The court reversed the defendant's conviction without a discussion of whether the defendant showed specific prejudice.
In State v. Knight, 611 So.2d 1381 (La. 1993), the New Orleans Indigent Defender Program was appointed to represent defendant, and the case was assigned to a specific attorney. The assigned attorney represented defendant at the pretrial proceedings and succeeded in having evidence suppressed. The case subsequently was called to trial, but defendant's assigned counsel was out of town. Another attorney from the Indigent Defender Program, who was in court that day for the out-of-town attorney just to "cover" his docket, was "in effect" appointed as defendant's new counsel by the trial court. Despite this new defense counsel's ignorance of the case, the trial court denied a continuance and proceeded to trial. The Supreme Court reversed defendant's conviction, stating the trial court had constructively denied defendant counsel.
In this case, Ms. Alessi, as the OIPD attorney in Knight, indicated she was substitute counsel, "filling in" for assigned counsel on the day of trial and was unfamiliar with the case. She did not have an opportunity to discuss the case with the defendant, nor was she able to interview defense witnesses, or formulate a defense. In light of Simpson and Knight it appears the trial court abused its discretion in denying defense counsel's request for continuance of trial.

CONCLUSION
Accordingly, for the reasons assigned herein, the conviction and sentence of defendant, Jessie Commodore, are hereby reversed and the matter is remanded for further proceedings.
CONVICTION AND SENTENCE REVERSED; CASE REMANDED.