# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 11-337

**STATE OF LOUISIANA**

**VERSUS**

**RUSSELL GENE WARE, JR.**

**\*\*\*\*\*\*\*\*\*\***
APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, CRIMINAL DOCKET NO. 293,902
HONORABLE THOMAS MARTIN YEAGER, PRESIDING
**\*\*\*\*\*\*\*\*\*\***

**SYLVIA R. COOKS**
**JUDGE**
**\*\*\*\*\*\*\*\*\*\***

Court composed of Sylvia R. Cooks, James T. Genovese, and Phyllis M. Keaty, Judges.

**AFFIRMED.**

**G. Paul Marx**
**Louisiana Appellate Project**
**P.O. Box 82389**
**Lafayette, LA 70598-2389**
**(337) 313-0467**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Russell Gene Ware, Jr.**

**Russell Gene Ware, Jr.**
**DOC# 118323**
**Louisiana State Penitentiary**
**Angola, LA 70712**
    ***Pro Se* Litigant**

**James C. Downs, District Attorney**
**Monique Y. Metoyer, Assistant District Attorney**
**Ninth Judicial District Court, Parish of Rapides**
**P.O. Drawer 1472**
**Alexandria, LA 71309**
**(318) 473-6650**
**COUNSEL FOR APPELLEE:**
      **State of Louisiana**

**COOKS, Judge.**

## FACTS AND PROCEDURAL HISTORY

In December 2007, Defendant, Russell Gene Ware, Jr., allegedly engaged in sexual intercourse with his live-in girlfriend's daughter, M.H., who was eleven years old at the time. On that morning, after her mother had gone to work, Defendant took the victim from her bedroom and put her into the bed he shared with her mother. He undressed her and inserted his penis into her vagina. In February 2008, while her mother was at work, after the minor child had taken a bath, Defendant entered the bathroom and, despite her protests, insisted on applying medication to sores she had on her buttocks. He then rubbed M.H.'s anus and vagina. The following weekend, M.H. told her father about the touching in the bathroom. He reported the incident to the police. The victim's father arranged for her to immediately see a counselor about the incident. At this time, the victim told the counselor about the incident in December. Again, the victim's father contacted the police department.

Defendant was charged by indictment with one count of aggravated rape, a violation of La.R.S. 14:42, and one count of sexual battery, a violation of La.R.S. 14:43.1. The State filed a "Prieur Motion," and a hearing was held. The trial court granted the State's motion with written reasons. Defendant elected to be tried by the trial judge. After a trial, Defendant was found guilty as charged.

Defendant was sentenced to life imprisonment on the conviction of aggravated rape and twenty-five years at hard labor on the conviction of sexual battery, without the benefit of parole, probation, or suspension of sentence, to be served consecutively with the life term. Defendant filed a *pro-se* "Reconsideration of Sentence to Modify Sentence," which was denied.

Defendant was granted an out-of-time appeal. Defendant's appellate counsel assigned two errors: "The trial court erred by allowing the introduction of

'other crimes evidence' in the form of a conviction for Indecent Behavior with a Juvenile from 1994, in violation of *State v. Prieur*, 277 So.2d 126 (La.App. 3 Cir. 1973) and Louisiana Code of Evidence Article 404(B);" and "The evidence presented at trial was insufficient to sustain the verdict of Aggravated Rape beyond reasonable doubt."

Defendant also filed a *pro-se* brief alleging: 1) prosecutorial misconduct, 2) his waiver of a jury trial was not voluntarily and intelligently made, 3) ineffective assistance of defense counsel, 4) the trial court erred when it denied newly enrolled defense counsel's motion to continue trial, 5) the physical evidence did not support the convictions for aggravated rape and sexual battery, and 6) the trial judge exhibited a personal bias and preconceived disposition as to Defendant's guilt regardless of the evidence.

## I. Sufficiency of the Evidence.

Defendant's assignment of error number two and the *pro-se* assignment of error number five attack the sufficiency of the evidence at trial to prove his guilt beyond a reasonable doubt.

Assignment of error number two asserts that the evidence was insufficient to support the conviction for aggravated rape. The *pro-se* assignment of error number five asserts that the evidence was insufficient to prove the aggravated rape as well as the sexual battery. Aggravated rape is defined, in pertinent part, as:

> A. Aggravated rape is a rape committed upon a person sixty-five years of age or older or where the anal, oral, or vaginal sexual intercourse is deemed to be without lawful consent of the victim because it is committed under any one or more of the following circumstances:
>
> . . . .
>
> (4) When the victim is under the age of thirteen years. Lack of knowledge of the victim's age shall not be a defense.

La.R.S. 14:42.

With regard to sufficiency claims, this court stated in *State v. Freeman,* 01-997, pp. 2-3 (La.App. 3 Cir. 12/12/01), 801 So.2d 578, 580:

> When the issue of sufficiency of evidence is raised on appeal, the critical inquiry of the reviewing court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *State ex rel. Graffagnino v. King*, 436 So.2d 559 (La.1983); *State v. Duncan*, 420 So.2d 1105 (La.1982); *State v. Moody*, 393 So.2d 1212 (La.1981). It is the role of the fact finder to weigh the respective credibilities of the witnesses, and therefore, the appellate court should not second guess the credibility determinations of the trier of fact beyond the sufficiency evaluations under the *Jackson* standard of review. *See Graffagnino*, 436 So.2d at 563, *citing State v. Richardson*, 425 So.2d 1228 (La.1983). To obtain a conviction, the elements of the crime must be proven beyond a reasonable doubt.

Appellant counsel's brief and the *pro-se* brief address only the aggravated rape conviction. In both briefs, Defendant argues that the physical evidence was not sufficient to support the element of "penetration." Defendant points out while the victim testified that Defendant put his penis inside her vagina and that he moved it in and out, the physical evidence did not support this contention.

Doctor Maria Fontanez, a pediatrician, testified she examined the victim in June of 2008, six months after the alleged rape, and found the victim's hymen was intact and undamaged. Defendant asserts had the rape occurred as the victim described, the hymen would have been torn. The victim testified at trial that she fought to keep her clothes on, "[a]nd I tried to fight as hard as I can[.]" When asked if he had put "the whole thing [penis] inside of you?" she responded, "[j]ust part." However, she agreed that "he was moving it back and forth" for more than a minute. Defendant argues:

> This offense is therefore described as a fight and struggle in which the [S]tate relied on the violence to an extent that proof in this case had to be more than "slightest penetration", and should have been corroborated by physical and medical facts. When this testimony is tested and balanced against the testimony of the eminently qualified Dr. Fontanez, they are irreconcilable. Penetration of the vagina simply

did not occur because the "facts" espoused by M.H. does not reasonably comport with the medical evidence.

Defendant argues the victim's testimony and the physical evidence—of which there was none—is irreconcilable. He asserts the lack of physical evidence indicates there was no penetration; accordingly, at most, he was guilty of attempted aggravated rape.

However, Louisiana jurisprudence has consistently held that the testimony of the victim alone can be sufficient to establish the elements of a sexual offense, even if there is no physical evidence. *State v. Schexnaider*, 03-144 (La.App. 3 Cir. 6/4/03), 852 So.2d 450; S*tate v. Hotoph*, 99-243 (La.App. 5 Cir. 11/10/99), 750 So.2d 1036, *writ denied,* 99-3477 (La. 6/30/00), 765 So.2d 1062 *and writ denied,* 00-150 (La. 6/30/00), 765 So.2d 1066. While testifying that the victim's hymen was intact, Dr. Fontanez agreed that it did not mean that a rape did not take place.

At trial, M.H. testified that Defendant's penis touched her vagina. She stated:

A. The inside.

Q. The inside, okay. And did it move or not.

A. Yes, ma'am.

Q. And how did that physically feel for you?

A. That felt like I wanted to scream and just at least run away and take my brothers with me.

Q. Did it hurt?

A. A little.

Louisiana Revised Statutes 14:41(B) provides that in the case of rape, "[e]mission is not necessary, and any sexual penetration, when the rape involves vaginal or anal intercourse, however slight, is sufficient to complete the crime." Despite testimony that the victim's hymen was intact six months after the incident, this testimony does not disprove "penetration." At the very least, the victim's

testimony established Defendant's penis pushed into her vagina, however slightly. As the State points out in brief, the trial judge, in his reasons for judgment, found the victim was a very credible witness. Furthermore, the victim's recitation of the event was supported by testimony of L.L., one of Defendant's other victims. L.L. testified when she was as young as four years old, Defendant, who was living with her mother at the time, had sexual intercourse with her. She described how he would get her from her bed when her mother was not home, carry her into his bedroom, undress her, and have intercourse with her. In this prior matter, Defendant was charged with molestation of a juvenile but pled guilty to indecent behavior with a juvenile.

We find the State established the elements of aggravated rape beyond a reasonable doubt. As noted above, neither appellate counsel nor Defendant in his *pro-se* brief address the sufficiency of evidence assignment regarding the sexual battery conviction. Since there is no argument concerning the conviction of sexual battery, the issue of whether the evidence was sufficient to support the verdict of sexual battery is considered abandoned. Uniform Rules—Courts of Appeal, Rule 2-12.4.

## II. Other Crimes Evidence.

Defendant's appellate counsel argues the trial court erred when it permitted the admission of other crimes evidence at trial. The other crimes evidence was a plea of guilty in 1994 to one count of indecent behavior with a juvenile. In his *pro-se* assignment, Defendant asserts the State misrepresented the facts concerning the other crimes when it sought to submit into evidence a conviction for indecent behavior of a juvenile, which was "a far cry from the aggravated rape charge that the prosecution in this case said took place."

The State filed a *Prieur* Motion notifying Defendant of its intent to introduce evidence of another criminal act. At the hearing on the motion, the victim, L.L.,

testified regarding sexual acts committed against her by Defendant when she was between the ages of three and five year old. Following the hearing, the trial court took the matter under advisement. The trial court granted the State's motion as set forth in its "Written Reasons on *Prieur* Motion."

In brief, Defendant asserts the State failed to establish the mandated requirements for admission of other crimes evidence as set forth by La.Code Evid. art. 404(B), which, in pertinent part, provides:

> (1) Except as provided in Article 412, evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, of the nature of any such evidence it intends to introduce at trial for such purposes[.]

Defendant argues "[t]he State's *Prieur* Motion was a boilerplate motion that purported to rely upon 'all purposes proper under the law' and provided no specificity or particularized notice." The State's notice, however, included the specific offense which the State intended to introduce, the date of the conviction, and the substance of the offense.

In its "Written Reasons on *Prieur* Motion" the trial court gave the following reasons for its judgment:

> A hearing was held on May 26, 2009, when the victim of the 1994 conviction (LL), testified about the facts of the previous crime. She identified the defendant as the perpetrator and testified at the time of the incident, he was her mother's boyfriend and she was between 3 and 4 years old. She stated when her mother was away from the house, he would vaginally and anally rape her in his bedroom and she would perform oral sex on him. Before these acts, he would disrobe her and himself and told her not to tell anyone about what happened.
>
> The State introduced in evidence the statement of the current victim (MH) age 11, who provided a statement to McKenzie Gauthier of the Rapides Children Advocacy Center on May 30, [2009]. In her statement, she identified the defendant as her mother's boyfriend and that in February of 2009, her mother went to work early one morning at which time the defendant picked up ML from her bed and took her

6

to the bed used by the defendant and her mother. Once on the bed, he took off her clothes and his, that he touched her breast, vagina, and buttocks, and that he inserted his penis in her vagina and raped her.

Based upon the evidence presented, the Court finds that the testimony of the previous victim (LL) is relevant, that the probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury and is therefore admissible to prove motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident under La. C.E. art. 404(B) and La. C.E. art. 412.2. *State v. Williams*, 830 So.2d 984 (La. 2002); *State v. Mayeaux*, 949 So.2d 520 (3rd Cir., 2007); *State v. Willis*, 915 So.2d 365 (3rd Cir., 2005).

We find no error in the trial court's ruling. Moreover, the State was not required to file a *Prieur* motion under the facts of this case pursuant to La.Code Evid. art. 412.2, which provides:

A. When an accused is charged with a crime involving sexually assaultive behavior, or with acts that constitute a sex offense involving a victim who was under the age of seventeen at the time of the offense, evidence of the accused's commission of another crime, wrong, or act involving sexually assaultive behavior or acts which indicate a lustful disposition toward children may be admissible and may be considered for its bearing on any matter to which it is relevant subject to the balancing test provided in Article 403.

B. In a case in which the state intends to offer evidence under the provisions of this Article, the prosecution shall, upon request of the accused, provide reasonable notice in advance of trial of the nature of any such evidence it intends to introduce at trial for such purposes.

C. This Article shall not be construed to limit the admission or consideration of evidence under any other rule.

The victim in the current case was eleven years old at the time of the offense. The circumstances of both cases were substantially similar—a minor child, an adult living with the child's mother. Defendant was noticed as to the specific crime and the substance of the prior victim's testimony. There was no error in the trial court's ruling on this matter.

## III.   *Waiver of Right to Jury Trial.*

Defendant in his *pro- se* brief asserts he did not knowingly and intelligently waive his right to a jury trial. He contends the trial court refused to allow him to

substitute new counsel until he waived his right to a jury trial. However, the record reflects that Defendant's allegation is not correct.

On September 9, 2009, Attorney Robert W. Malone filed a "Motion to Enroll and Substitute as Counsel of Record." On September 14, 2009, the day trial was to commence, Defendant was in court with his court-appointed counsel, Bridgett Brown, and Attorney Malone. Defendant requested that the trial court grant Mr. Malone's motion to enroll and motion to continue trial. The State vehemently objected to a continuance, stating it had all of its witnesses ready for trial, including out-of-state witnesses and the minor victim. The trial court informed Defendant it would not grant a continuance. However, with that understanding, it would grant the motion to enroll new counsel and allow appointed counsel to withdraw.

After a long discussion between counsel, the trial court tentatively agreed to sign the motion to enroll, provided Attorney Brown obtained an affidavit from the public defense director verifying that since Defendant was no longer deemed indigent, he was not qualified to have a public defender. The trial court further sent counsel out to research the issue of whether a trial court could deny a motion to continue trial when on the day of trial the defendant desires to enroll new counsel. At this point, court was recessed.

Following the recess, court-appointed counsel informed the trial court that Defendant desired to waive his right to a jury. She stated:

> Your Honor, Mr. Ware wishes to waive his right to a trial by a Jury, and be tried by the bench alone. I've talked to Mr. Ware about this, we talked about it considerably this past weekend, but more so in the last few minutes. I re-urged the conversation with him, and he wants to tell the Court that it is his decision, it certainly is not mine. And, I've advised him that he has the right to go to a jury of twelve people, and he has his own reasons for wanting to waive. So, he wishes to do it at this time.

8

The trial court then advised Defendant of the rights he was waiving by giving up a jury trial, emphasizing that Defendant was looking at a life sentence for the aggravated rape charge. Defendant assured the trial court that the decision was his alone and that no one had forced him to make such a decision. The trial court further questioned Defendant about his ability to understand what it meant to waive his right to a jury trial, his education, his health, his familiarity with the legal system, and whether he was on any drugs that would affect his understanding of the process. Following this discourse, the trial court found Defendant intelligently and knowingly waived his right to a jury trial.

Attorney Malone returned to the courtroom and the trial court informed him of Defendant's decision to waive a jury trial. The record shows no response by Attorney Malone to this pronouncement. The trial court then discussed with both attorneys whether Attorney Malone would be ready to go to trial. Still advising Defendant that it would not grant a continuance, the trial court allowed Defendant time to discuss with Attorney Malone whether he desired hired representation or to keep his court-appointed counsel. Following this discussion, Defendant and Attorney Malone announced they were ready to go to trial. The trial court granted Attorney Malone's motion to enroll as counsel of record. The trial court, however, agreed to continue the trial to September 16, 2009.

The record discloses whether Defendant was allowed to substitute counsel was dependent on if new counsel could adequately prepare for trial, and not on whether Defendant agreed to waive his right to a trial by jury. This assignment of error has no merit.

## IV. *Ineffective Assistance of Counsel.*

Defendant asserts in his *pro se* brief that his appointed counsel, Bridgett Brown, rendered ineffective assistance of counsel due to her failure to apply for a

writ application with this court concerning the trial court's grant of the State's motion to admit "other crimes" evidence.

In *State v. Christien*, 09-890, p. 7 (La.App. 3 Cir. 2/3/10), 29 So.3d 696, 701, this court stated:

> A claim for ineffective assistance of counsel is properly raised in an application for post-conviction relief because this allows the trial court to order a full evidentiary hearing on the matter. *State v. Burkhalter*, 428 So.2d 449 (La.1983). However, where the record contains sufficient evidence to decide the issue, and the issue is raised by an assignment of error on appeal, it may be considered by the appellate court. *State v. Tapp*, 08-1262 (La.App. 3 Cir. 4/1/09), 8 So.3d 804; *See also State v. James,* 95-962 (La.App. 3 Cir. 2/14/96), 670 So.2d 461.

We find the record is sufficient in this case to consider the issue of whether defense counsel was ineffective. While discussing whether a counsel's performance was ineffective in *State v. James,* 95-962, pp. 4-5 (La.App. 3 Cir. 2/14/96), 670 So.2d 461, 465 (citations omitted), this court held that ineffective assistance of counsel claims must meet two separate criteria in order to have merit:

> The right of a defendant in a criminal proceeding to the effective assistance of counsel is constitutionally mandated by the Sixth Amendment of the U.S. Constitution. In order to prove that counsel was ineffective, the defendant must meet the two-pronged test enunciated by the Supreme Court. First, the defendant must show that counsel's performance was deficient. Second, the defendant must show that this deficiency prejudiced the outcome of the trial. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To establish a claim of ineffective assistance of counsel, a defendant must demonstrate that his defense attorney failed to meet the level of competency normally demanded of attorneys in criminal cases.

> In considering allegations of ineffectiveness, defense attorneys are entitled to a strong presumption that their conduct fell within the broad range of reasonable professional assistance. The United States Supreme Court has held that the benchmark for judging a charge of ineffectiveness is whether the attorney's conduct so undermined the proper functioning of the adversarial process that the trial cannot be considered to have produced a just result.

> It is not enough for an accused to make allegations of ineffectiveness; the accused must couple these allegations with a specific showing of prejudice. A claim of ineffective assistance of counsel may be disposed of based upon a failure to satisfy either

10

criteria of the established two-pronged test; if the accused's claim fails to satisfy one, the reviewing court need not address the other.

Moreover, "[i]t is not sufficient for the defendant to show the error had some conceivable effect on the outcome of the proceedings. Rather, he must show that but for counsel's unprofessional errors, there is a reasonable probability the outcome of the trial would have been different." *State v. Jones*, 33,657, p. 11 (La.App. 2 Cir. 8/23/00), 765 So.2d 1191, 1199, *writ denied*, 00-2779 (La. 6/29/01), 794 So.2d 825.

Defendant asserts that had defense counsel filed for a writ with this court concerning the trial court's grant of the State's motion to use other crimes evidence at trial, this court would have reversed the trial court's ruling, and the evidence would not have been admitted at trial.

As noted above, after hearing testimony by the prior victim at the *Prieur* hearing, the trial court took the matter under advisement and did not issue a ruling until August 6, 2009, a little more than a month prior to the scheduled trial date. However, at the hearing, for its "edification," the State offered to the trial court a copy of the current victim's statement and a copy of the prior victim's statement. Considering that the trial court was taking the matter under advisement, Attorney Brown also stated that she was making her objection in advance to the prior victim's testimony being admitted at trial.

At the September 14, 2009 hearing, Defendant sought to have the trial continued so that Attorney Malone had more time to prepare for trial. Attorney Brown advised the trial court that she had not gotten a transcript of the *Prieur* hearing until the previous Friday. While arguing for the continuance of the trial for Attorney Malone's benefit, she also explained that the transcript had been necessary before an application for writs could be filed with this court. Attorney

Brown then filed a *pro-se* "Notice of Intent to Apply for Writ" and informed the trial court that she adopted the motion.

We note that Attorney Brown, while she objected to the trial court's ruling "in advance," in May 2009, could not have filed for a writ of review until the trial court ruled on the issue and until such time as she could supply this court with a transcript of the hearing. The ruling was not made until August 6, 2009, and she did not receive the transcript until the Friday prior to the September 14, 2009 hearing. Defendant has failed to show how Attorney Brown's performance was defective in this instance.

Furthermore, as discussed above, there was no error in the trial court's ruling which allowed the State to submit the "other crimes" evidence at trial. There is no merit to this assignment of error.

### V. Denial of Continuation of Trial.

Defendant asserts the trial court committed error when it denied him a continuation of trial to allow Attorney Malone to properly investigate the matter, thus rendering him incapable of giving effective assistance of counsel.

In *State v. Porche*, 00-1391, pp. 6-7 (La.App. 4 Cir. 2/14/01), 780 So.2d 1152, 1155-56, the fourth circuit stated:

> To grant or refuse to grant a motion for continuance rests within the sound discretion of the trial court. *State v. Martin*, 93-0285 (La.10/17/94); 645 So.2d 190. A ruling will not be disturbed on appeal absent a clear showing of abuse of discretion, and a showing of specific prejudice caused by that denial. *State v. Benoit,* 440 So.2d 129 (La.1983). When a motion to continue is based upon a claim of inadequate time to prepare a defense, the specific prejudice requirement has been disregarded only when the time has been "so minimal as to call into question the basic fairness of the proceeding." *State v. Jones*, 395 So.2d 751, 753 (La.1981). The reasonableness of discretion issue turns upon the circumstances of the particular case. *State v. Simpson*, 403 So.2d 1214 (La.1981).
>
> The appellant claims that the denial of the continuance resulted in ineffective assistance of counsel. Generally, the issue of ineffective assistance of counsel is a matter more properly addressed in an application for post conviction relief, filed in the trial court where a

12

full evidentiary hearing can be conducted. *State v. Prudholm*, 446 So.2d 729 (La.1984); *State v. Reed,* 483 So.2d 1278 (La.App. 4 Cir.1986).

We find the record currently before this court is sufficient to determine whether Attorney Malone's performance was rendered defective because of the trial court's denial of his motion to continue trial.

In cases similar to the situation in the current case, a trial court's denial of a motion to continue trial made on the morning of trial which caused the conviction to be reversed occurred when new counsel had no or very little time to prepare for trial. Therefore, the basic fairness of the proceeding was called into question. In those cases, the appellate court did not look for specific prejudice. In *State v. Simpson,* 403 So.2d 1214 (La.1981), the public defender did not know he was representing the defendant until the morning of trial. The supreme court held that the trial court abused its discretion when it denied counsel's motion to continue trial due to lack of preparedness. *See also State v. Commodore,* 00-76 (La.App. 4 Cir. 11/21/00), 774 So.2d 318, *writ denied,* 00-3485 (La. 11/2/01), 800 So.2d 869, wherein the fourth circuit reversed the conviction because the trial court abused its discretion when it insisted the defendant go to trial with a public defender who was handed a police report on the morning of trial and told she was being substituted as counsel because defendant's counsel was out of town. In *State v. Winston*, 327 So.2d 380 (La.1976), the supreme court reversed a conviction, without looking for prejudice, when defense counsel had only three days to prepare for trial.

Defendant, in the current case, claims Attorney Malone had only forty-eight hours in which to prepare for trial. He argues that as of September 14, 2009, Attorney Malone "had yet to interview the Defendant's witnesses, state's witnesses, and obtain medical reports, police reports and statements taken from witnesses and the alleged victim." Defendant further asserts Attorney Malone did not have a transcript of the prior victim's statement to the police, the statement of

13

M.H. to the police or a transcription of the victim's interview with McKenzie Gauthier, a forensic interviewer with the Rapides Children's Advocacy Center.

The record indicates that Attorney Malone filed his motion to enroll on the September 9, 2008, eight days before trial was scheduled. He received a copy of Attorney Brown's file on the Friday before trial, which would have contained all of the above items Defendant asserts he had not obtained as of September 14, 2009, including the transcript of the *Prieur* hearing. The trial court also continued trial, which was to commence on Monday, September 14, to Wednesday, September 16. Accordingly, Attorney Malone had at least eight days to discuss the case with Defendant and six days to review the documents and prepare for trial.

In brief, Defendant attempts to show he was prejudiced as a result of Attorney Malone's inability to adequately investigate the case because of time constraints. He states that Attorney Malone was not able to interview State's witnesses and "in truth and fact, counsel did not cross examine McKenzie Gauthier; Det. Charles Liberto; and did not cross examine L.L." However, the purpose of McKenzie Gauthier's testimony was to establish the foundation for the admission of a copy of the victim's statement made to her during the victim's interview at the Rapides Children's Advocacy Center. Detective Liberto's testimony established that he was the one who took the victim's parents' statements. He also set up the interview with the Rapides Children's Advocacy Center and made the appointment with the doctor for an examination of the victim. There was nothing to impeach these two witnesses on and nothing which would have aided Defendant's defense. As for L.L., Defendant pled guilty to sexually abusing her. Attorney Malone's decision to not cross-examine L.L. could be considered trial strategy. If so, it was a matter of trial strategy and cannot form the basis of a defective assistance claim. *See Commodore,* 774 So.2d 318.

Finally, as early as two weeks prior to trial, Attorney Malone had been warned that the State would not agree to a continuance. However, at the end of the day, after long discussions including the trial court's warning that a continuance was off the table, Attorney Malone declared he would be ready to go to trial on September 16. Still, the trial court sent Attorney Malone and Defendant off to discuss the matter more. The following conversation then ensued:

BY THE COURT: Once again, we're here with Mr. Russell Ware, in 293,902. Mr. Ware, Ms. Brown is present along with Mr. Malone. I've allowed you to talk to your lawyer for about ten minutes, I guess, and tell me what you wish to do, sir, or Mr. Malone, can you tell me what ya'll have decided to do, sir?

BY MR. MALONE: Yes, Your Honor. Mr. Ware said that he's agreeable to me representing him, and starting trial on Wednesday if we are so called.

BY THE COURT: All right. Mr. Ware, is that what your wish is also?

BY MR. WARE: Yes sir. [BY THE COURT:] All right. You've been able to discuss that with Mr. Malone?

BY MR. WARE: Yes, sir.

BY THE COURT: And, you'll be comfortable with that, sir?

BY MR. WARE: Yes, sir.

We find Defendant cannot now avail himself of the argument that the trial court erred when it permitted him to go to trial with his newly enrolled counsel, after he was repeatedly warned that he would not get a continuance and yet insisted on going to trial. Moreover, he cannot argue his counsel was ineffective when he cannot show defective performance as a result of the trial court's denial of counsel's motion to continue the trial.

## VI. *Alleged Bias Demonstrated by Trial Court.*

Defendant asserts the trial court showed bias and a preconceived disposition to find him guilty regardless of the evidence. He argues the trial court's bias was shown when the judge forced him to waive his right to a jury trial by refusing to

allow Attorney Malone to enroll until he agreed to waive a jury trial, when the judge denied his motion to continue trial even though Attorney Malone had just enrolled and had only forty-eight hours to prepare for trial, when the judge found the evidence sufficient to sustain the verdicts of guilty despite the testimony of Doctor Fontanez that the victim's hymen was intact, and lastly, the judge's "preconceived bias and the unwavering mindset that Appellant was guilty" was exhibited by a remark he made during Defendant's closing argument.

As for the first three examples of the trial court's alleged bias, those allegations were discussed in the assignments of error above and found not to have merit. However, during Defendant's closing argument, the trial court made the following comment:

> MR. MALONE: But I do believe that she was being honest whenever she said that she saw the man like a father. He taught her how to cook, took her driving. They did all types of things together.
>
> THE COURT: It's called grooming.
>
> MR. MALONE: Grooming?
>
> THE COURT: Grooming. Before a pedophile has sex with a child they groom the child. That's exactly what they do.
>
> Go ahead.
>
> You create a relationship between you and the child so that the child will trust you.
>
> Go ahead.

Louisiana Code of Criminal Procedure Article 772 provides that a "judge in the presence of a jury shall not comment upon the facts of the case, either by commenting upon or recapitulating the evidence, repeating the testimony of any witness, or giving an opinion as to what has been proved, not proved, or refuted." While the judge's comment could be construed as a comment on the evidence or at the very least an opinion, the trial was a bench trial and not a jury trial. When the trial is to the judge alone, the rule that a judge may not comment on the evidence is

16

not applicable.  *State v. Williams,* 375 So.2d 1379 (La.1979).  Therefore, this assignment of error is meritless.

## DECREE

For the foregoing reasons, Defendant's convictions are affirmed.

**AFFIRMED.**