CRAIN, J.
12A grand jury indicted the defendarit, Rigoberto Fragmesio Ventura, for the aggravated rape of G.L.[1] See La. R.S. 14:42. The state later amended the indictment to charge the defendant with sexual battery of H.W. (who, by the time of 'trial was known as “H.G.”), a victim under the age of thirteen. See La. R.S. 14:43.1. The defendant pled not guilty, was tried by a jury, and was convicted as charged on both counts. The defendant was sentenced to life imprisonment at hard' labor without benefit of parole, probation or suspension of sentencé for the aggravated rape conviction, and to fifty years imprisonment at hard labor with twenty-five years of the sentence to be served without benefit of *68 parole, probation or suspension of sentence for the sexual battery conviction, with the sentences ordered to run consecutively. The defendant now appeals, contending that the offenses should have been severed for trial, or alternatively, that the trial should have been continued. We affirm the convictions and sentences.
FACTS
At trial, nineteen-year-old G.L. testified that when he was between the ages of six and ten years old, the defendant sexually abused him approximately fifteen times. Specifically, G.L. and the defendant performed oral sex on each other. The abuse took place at G.L.’s grandmother’s house in Slidell. G.L. disclosed the abuse years later during counseling.
After learning of G.L.’s accusations against the defendant, H.G.’s mother questioned her children about whether anything had happened to them. H.G.’s mother was divorced from H.G.’s father, the defendant’s brother, but the children, who lived with their mother in Texas, visited with their father and saw the |adefendant during the summers. H.G. disclosed that the defendant had inappropriately touched her during one of those visits. At trial, twelve-year old H.G. testified that the defendant touched her vagina on two occasions while she visited his home in Bush, during the summer of 2011.
DISCUSSION
Prior to the start of the defendant’s Monday trial, the defense made an oral motion for discovery sanctions, seeking to exclude any information learned from any investigation of the sexual battery of H.G. that was conducted in Texas, the state where H.G. was living at the time she disclosed the abuse. The defense contended that it was only on the previous Friday that the state provided it with a Texas police report that referenced statements by H.G.’s mother and a Texas Office of Community Services (OCS) case file on H.G. The defense asked that any information obtained in Texas be excluded based on the state’s late disclosure of the evidence.
The state opposed the motion, arguing that it provided the defense with open file discovery, that the defense had only requested the Texas police report a week prior to trial, and that the state obtained the report on Friday and promptly turned it over to the defense. The state further argued that the forensic interview of H.G. that was conducted in Texas had been turned over to the defense as part of open file discovery. The state contended that it was unaware of any Texas OCS records prior to receiving the police report, therefore none had been sought or located.
The defense, the state, and the trial court then engaged in a discussion about the appropriate course of action. The defense again asked that the state not be allowed to use the evidence, and in the event that was not satisfactory to the trial court, asked that it consider severing the counts “so that the Texas count has no | ¿bearing on the Louisiana count.” And if that was not satisfactory, the defense requested a one-day delay of the trial. When the trial court asked the reason for the proposed delay, the defense answered that it was to “assimilate the newfound information into [their] case,” and indicated that during that time they may be able to obtain H.G.’s mother’s recorded statement.
Considering the assertions of the defense and state, the trial court denied the request for sanctions, as well as the request for severance. The trial court indicated that they would only be conducting voir dire that day, and on the following day they would see whether the evidence *69 had been obtained. The trial court stated it was effectively granting a recess of one day, but was denying the motion to continue the trial. Later that day, the state informed the court that it had obtained the statement made by H.G.’s mother and was in the process of providing it to the defense. The state also stated it had confirmed that Texas OCS had only “taken down a referral and sent the information to Louisiana” and that Louisiana’s OCS had no complaints or investigations on file. The defense then indicated it was satisfied with the discovery.
Now, on appeal, the defendant asserts that the trial court erred denying the motion to sever, arguing that he was forced to go to trial without evidence that may have been exculpatory and may have aided him in impeaching witnesses or undermining the credibility of H.G.’s testimony. However, at trial, the state indicated it provided the defense with the statement by H.G.’s mother, and the defense indicated that it was satisfied with the discovery provided. The defendant further complains about a missing OCS file, but that issue was also resolved at trial, with the state confirming that there was no Texas OCS file, and the defendant indicating it was satisfied with the discovery provided. The trial court did not Rabuse its discretion in denying the motion to sever based on these evidentiary issues. Cf. State v. Allen, 95-1515 (La.App. 1 Cir. 6/28/96), 677 So.2d 709, 718, writ denied, 97-0025 (La.10/3/97), 701 So.2d 192 (a motion for severance is addressed to the sound discretion of the trial court and its ruling should not be disturbed on appeal absent a showing of an abuse of discretion).
Additionally, for the first time on appeal the defendant complains that the counts should have been severed because he was “confounded in presenting separate defenses to each count” and further, that he may have wished to invoke his constitutional right to remain silent as to one count, but testify as to the other. He further argues that evidence as to each count would not be otherwise admissible in separate trials.
In order to preserve the right to appellate review of an alleged trial court error, a party must state an objection contemporaneously with the occurrence of the alleged error, as well as the grounds for the objection. La.Code Crim. Pro. art. 841 A. A new basis for an objection may not be raised for the first time on appeal. The purpose behind the contemporaneous objection rule is to put the trial judge on notice of an alleged irregularity so that he may cure the problem. It is also intended to prevent the defendant from gambling for a favorable verdict and then resorting to appeal on errors that might easily have been corrected by an objection. State v. Johnson, 15-0513 (La.App. 1 Cir. 12/23/15), 185 So.3d 822, 829.
In arguing the motion to sever to the trial court, the defendant did not raise objections regarding the joinder of the offenses. His only arguments were based on the evidentiary issues addressed herein. Since the defendant did not raise objections to the joinder of the offenses, they were not preserved for review and we | ñdo not consider them. Cf. La.Code Crim. Pro. art. 841 A; State v. Johnson, 185 So.3d at 829.
Alternatively, the defendant contends that he should have been granted a one-day continuance to obtain the OCS file and the statement of H.G.’s mother.[2] We *70 reiterate that the record reflects that the statement was provided, the defense was informed that there was no OCS file, and the. defense thereafter indicated it was satisfied with the discovery provided. Further, as the trial court noted, the trial’s presentation of evidence did not begin until the day after the motion was made. And when trial began the next day, the defendant did not urge any further objection. Accordingly, the trial court did not abuse its discretion in denying the motion to continue. Cf. State v. Strickland, 94-0025 (La.11/1/96), 683 So.2d 218, 229 (“The decision whether to grant or refuse a motion for a continuance rests within the sound discretion of the trial judge and a reviewing court will not disturb such a determination absent a clear abuse of discretion.”).
The defendant’s arguments are without merit.
CONVICTIONS AND SENTENCES AFFIRMED.

. The victims are referred to by their initials. See La. R.S. 46:1844(W). •

. We recognize that the motion to continue was neither made in writing, nor filed at least seven days prior to the commencement of trial as required by Louisiana Code of *70 Criminal Procedure article 707. However, an exception to that requirement has been recognized when the grounds alleged for the continuance arose unexpectedly such that the defense does not have an opportunity to prepare the written motion, and where the record reflects that the trial judge was aware of the ground upon which the motion was based and ruled thereon. See State v. Simpson, 403 So.2d 1214, 1215 n. 2 (La.1981); State v. Brown, 95-0755 (La.App. 1 Cir. 6/28/96), 677 So.2d 1057, 1062.